QUINN and another, Appellants, vs. ELLENSON, Respondent.

*January 7—February 4, 1941.*

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar*.

For the respondent there was a brief by *Crawford & Crawford* of Superior, and oral argument by *Brandon E. Crawford*.

MARTIN, J. On June 6, 1940, respondent filed a petition in the circuit court for Barron county from which it appeared that for more than two days after demand, the appellants, Quinn as president and Wick as cashier-secretary of the Northwestern State Bank of Cumberland, Wisconsin, refused to transfer certain certificates of the capital stock of said bank upon the books of the bank and to issue a new certificate therefor to respondent. Upon the hearing on an order to show cause in the court below, appellants challenged respondent's right to have the stock in question transferred on the books of the bank, on the ground that under section 19 of the by-laws of the bank, stockholders desiring to dispose of their stock were required to give notice to that effect in writing to the cashier, and that for a period of ten days following the filing of such notice, the bank would have an option to purchase such stock at such figure as might be agreed upon between the stockholders desiring to sell and the directors of the bank. Section 19 of the by-laws provides:

"Whenever a stockholder desires to dispose of his stock, he shall give notice to that effect, in writing, to the cashier of the bank. For a period of ten days following the filing of this notice, *the bank* shall have an option for the purchase of such stock at such figure as may be agreed upon between the stockholder and the directors. In the event the stockholder and the directors are unable to agree upon a price for the stock, then the stockholder shall name a disinterested person and the board of directors shall name another disinterested person. These two shall select a third and the three shall constitute a com-

mission for the purpose of appraising the stock and the findings of this body shall be binding upon the stockholder and the directors.

"Shares so purchased shall be disposed of by a committee of three stockholders, as is provided for the disposal of new stock in section 22."

Upon the refusal of Quinn and Wick, as president and cashier-secretary, respectively, to transfer the stock pursuant to respondent's demand, and after the lapse of more than two days from the date of such demand, respondent filed his petition herein in the circuit court under sec. 183.24, Stats., which provides:

*"Transfer on books, how compelled.* Whenever it shall be made to appear to the circuit court, by affidavit or otherwise, that the secretary or other proper officer of any corporation has, upon proper demand, neglected or refused for two days to transfer on the stock books of the said corporation any stock which it is his duty to transfer such court shall immediately issue an order requiring said secretary to show cause before said court, at some time named in said order not more than ten days from the date thereof, why he should not transfer such stock, and shall in said order direct the manner of its service; and when said order is returnable, unless said secretary shows cause to the satisfaction of the court why such stock should not be transferred, said court shall order such transfer to be made by said secretary at such time and place as to said court shall seem reasonable, and may enforce the performance thereof by proceedings for contempt."

The trial court held, and we think correctly so, that there is a conflict between section 19 of the by-laws of the bank and sec. 221.30 (1) of the statutes. The latter section, so far as material, provides:

"No bank shall be the holder of or purchaser of any portion of its capital stock, capital notes or debentures unless such purchase shall be necessary to prevent loss upon a debt previously contracted in good faith."

The appellants argue that sec. 221.30 (1), Stats., is not applicable in the instant case, for the reason that the last paragraph of section 19 of the by-laws of the bank provides that any stock purchased by the bank shall be disposed of by a committee of three stockholders, as provided for the disposal of new stock in section 22 of the by-laws. Section 22, in substance, provides that whenever an increase of capital shall be determined upon, that the board of directors shall name a committee of three stockholders who are empowered, authorized, and instructed to apportion the new stock in such manner as will be most beneficial, in the judgment of said committee, to the welfare of the bank and best promote its growth and stability.

It should be noted that the only exception mentioned in sec. 221.30 (1), Stats., which would permit a bank to purchase any of its capital stock is specifically limited to such purchase as shall be necessary to prevent loss upon a debt previously contracted in good faith. That is not the situation here. Since the bank could not legally purchase the shares of stock in question, the option provided for in section 19 of its by-laws is void as it is in direct conflict with the provisions of sec. 221.30 (1), Stats. If this option were given to some individual officer of the bank, or to a committee of its board of directors, who would have the right to purchase same in their individual capacity, the stock to be distributed as provided for in section 22 of the by-laws, there would be no conflict with the provisions of sec. 221.30 (1), Stats.

If a bank may not hold or purchase any portion of its capital stock, it necessarily follows that the option to the bank to purchase, in the instant case, can be of no force or effect, and is void. See *Hobbins v. State,* 214 Wis. 496, 504, 253 N. W. 570.

*By the Court.*—Order affirmed.